EL PUEBLO DE PUERTO RICO, demandante y apelado, v. PABLO BEAUCHAMP, acusado y apelante.

No. 3900.—*Sometido:* Julio 22, 1929. *Resuelto:* Nov. 25, 1929.

*José Sabater,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Contra Pablo Beauchamp se presentó ante la Corte de Distrito de Mayagüez una acusación que en su parte esencial dice:

"El referido acusado Pablo Beauchamp, allá en o por uno de los días del mes de septiembre de 1928, en Mayagüez, P. R., que forma parte del distrito judicial del mismo nombre, ilegal, voluntaria y maliciosamente, tenía para la venta en su establecimiento comercial en Mayagüez, P. R., café molido adulterado, con el fin de destinarlo al consumo humano."

El acusado opuso la excepción perentoria fundada en que

los hechos, como aparecen de la acusación, no constituyen delito. Se alegó por el mismo que la interpretación de la sección 1 de la Ley No. 24, año 1928, ha de hacerse de acuerdo con los demás preceptos de la misma ley, y así hecha se ofrece la conclusión de que lo que la ley castiga es la adulteración del café por el que lo tuesta o prepara para la venta; ya que la sección 2 de la ley habla de la fianza que ha de prestar el que se dedique a tostar café, o a molerlo, y se habla luego, en la misma ley, de la revocación de la licencia; que no puede interpretarse la ley en el sentido de que castiga al que tuesta y muele el café y al que lo revende, porque estaría en conflicto con la sección 34 de la Ley Orgánica de Puerto Rico, por contener más de un asunto. La excepción fué declarada sin lugar.

De la prueba, y de las estipulaciones que las partes sometieron, y que fueron aprobadas por la corte, aparece que el acusado es un comerciante en Mayagüez, que no se dedica a tostar, o a moler, café; que el paquete de café tostado y molido que figura en la causa, fué tomado del comercio del acusado, por un inspector de sanidad, y remitido a examen y análisis al laboratorio químico del Departamento Insular de Sanidad de Puerto Rico, y que del análisis resulta que el café tenía mezcla de almidón, en cantidad que no se precisa. Una de las estipulaciones de las partes, se refiere a que el acusado es un comerciante que no tuesta ni muele café, y que lo compra a los que tuestan; y que las envolturas que se presentaron son las que usan los que torrefaccionan café en Mayagüez.

La corte declaró al acusado culpable y le impuso 25 dólares de multa. Y contra esta sentencia se apela, alegando como error el haberse desestimado la excepción perentoria y haberse condenado al acusado como infractor de la ley de 20 de abril de 1928.

Aunque el señalamiento de error aparece bien razonado, el hecho es que la sección 1 de la Ley No. 24, de 1928, es como sigue:

"Sección 1.—Será ilegal adulterar o mezclar café, en grano, tri-

turado o molido, con cualquier otro grano o sustancia, con la intención de venderlo, ofrecerlo o tenerlo en venta, y será igualmente ilegal que dicho café, así adulterado·o mezclado, sea vendido, ofrecido o tenido en venta, o sea transportado o almacenado con el fin de dedicarlo al consumo humano, o sea usado para fines industriales, cuando se destine a la preparación de alimentos para el consumo humano.''

Las palabras ''y será igualmente ilegal que dicho café así adulterado o mezclado, sea vendido, ofrecido, o tenido en venta'' se refieren a un hecho posterior a la adulteración, y complemento necesario de la misma, porque es el fin que con la adulteración se persigue, y porque si el café se adulterara con el fin de quedarse con él el que lo adulteró, y tomárselo, o darlo a tomar a sus familiares, no habría infracción alguna, ya que ni en materia de peso y precio, ni en calidad, habría fraude o perjuicio para la salud de un tercero.

Si la Legislatura hubiera querido exceptuar de culpa al que vende un café mezclado con garbanzos, azúcar, achicoria, o almidón, lo hubiera hecho así, y no lo hizo, porque el propósito de la ley era evitar ese fraude.

*La sentencia apelada debe ser confirmada.*